# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR JOHNSON, JR., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 09 C 5511 |
| | ) | |
| VILLAGE OF BELLWOOD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' partial motion to dismiss. For the reasons stated below, we grant in part and deny in part the motion to dismiss.

## BACKGROUND

Plaintiff Arthur Johnson, Jr. (Johnson), Plaintiff Brian L. Rodgers (Rodgers), and Plaintiff Aaron Curry (Curry) allege that on February 27, 2009, they parked their car in Bellwood, Illinois, and that while they were walking from their car, they saw a friend park a car a few blocks away. Plaintiffs allegedly were walking toward their friend's car when Defendant Kevin Barnett (Barnett), an off-duty police officer, noticed Plaintiffs near his truck. Barnett allegedly told Plaintiffs to get away from

1

his truck and threatened to call the police. Plaintiffs allege that as they continued to walk down the street, they saw police cars approach. Rodgers and Curry then allegedly became separated from Johnson. Defendant Officer Lucero (Lucero) and Defendant Officer Hernandez (Hernandez) allegedly confronted Rodgers and Curry, telling them to lay face down on the ground and allow themselves to be handcuffed. Rodgers and Curry allegedly allowed themselves to be handcuffed. Barnett then allegedly slammed Rodgers' and Curry's heads on the ground, and Lucero allegedly stomped on Curry's hands and wrists. Rodgers and Curry were then allegedly raised to a standing position by Hernandez and Lucero while still handcuffed. Barnett then allegedly pointed his handgun at Rodgers and Curry, threatened to kill them, and struck Curry.

Johnson then allegedly rejoined Rodgers and Curry, and Barnett struck Johnson in the back of his head with a nightstick or similar blunt object. Barnett also allegedly attempted to choke Plaintiffs while they were handcuffed. Upon arriving at the police station, Defendant Officer Eduardo Morales (Morales) allegedly grabbed Johnson by the hair and slammed his head against the wall. Plaintiffs contend that they were subjected to such treatment because of their race. Defendant Commander Mike Herrera (Herrera) was allegedly not on the scene of any of the alleged misconduct, but Plaintiffs allege that Herrera failed to properly train and supervise

2

the Defendant Officers.

Plaintiffs include in their complaint excessive force and failure to intervene claims brought pursuant to 42 U.S.C. § 1983 (Section 1983) relating to the excessive force allegedly used on Johnson (Count I), Section 1983 excessive force and failure to intervene claims relating to the excessive force allegedly used on Rodgers (Count II), Section 1983 excessive force and failure to intervene claims relating to the excessive force allegedly used on Curry (Count III), Section 1983 unlawful seizure claims relating to the arrest of Johnson (Count IV), Section 1983 unlawful seizure claims relating to the arrest of Rodgers (Count V), Section 1983 unlawful seizure claims relating to the arrest of Curry (Count VI), Section 1983 equal protection claims relating to the alleged misconduct toward Johnson (Count VII), Section 1983 equal protection claims relating to the alleged misconduct toward Rodgers (Count VIII), Section 1983 equal protection claims relating to the alleged misconduct toward Curry (Count IX), race discrimination claims brought pursuant to 42 U.S.C. § 1981 (Section 1981) relating to the alleged misconduct toward Johnson (Count X), race discrimination claims brought pursuant to Section 1981 relating to the alleged misconduct toward Rodgers (Count XI), race discrimination claims brought pursuant to Section 1981 relating to the alleged misconduct toward Curry (Count XII), selective enforcement claims relating to the alleged misconduct toward Johnson

(Count XIII), selective enforcement claims relating to the alleged misconduct toward Rodgers (Count XIV), selective enforcement claims relating to the alleged misconduct toward Curry (Count XV), assault and battery claims relating to the alleged misconduct toward Johnson (Count XVI), assault and battery claims relating to the alleged misconduct toward Rodgers (Count XVII), assault and battery claims relating to the alleged misconduct toward Curry (Count XVIII), and an indemnification claim (Count XIX).

Defendants have moved to dismiss: (1) the race-based claims in Counts VII - XV, (2) all claims brought against Herrera, (3) all claims brought against Morales except in Counts I and XVI, (4) all claims brought against Hernandez in Counts XVI - XVIII, and (5) all claims brought against Lucero in Counts XVI - XVII.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must

contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

**DISCUSSION**

I. Race Claims (Counts VII through XV)

Defendants argue that Plaintiffs have failed to plead sufficient facts to state a claim relating to the equal protection Section 1983 claims and the Section 1981 claims, which are based on an alleged animus against Plaintiffs because of their race. Plaintiffs contend that Defendants are demanding overly detailed allegations relating to racial animus and are attempting to impose a heightened pleading standard for the race claims. However, even under the federal notice pleading standard, a plaintiff must offer sufficient allegations to plausibly suggest a right to relief. *Iqbal*, 129 S. Ct. at 1949. In the complaint, in regards to alleged racial motivation by Defendants, Plaintiffs allege only that they are "black male[s]" and allege in a conclusory fashion that their arrest "was motivated by race." (A. Compl. Par. 2-4, Ct VII-VIII Par. 43,

5

Ct. IX-XI Par. 42-43). Such allegations are insufficient to plausibly suggest that Defendants were motivated in any way by Plaintiffs' race. Plaintiffs also contend that they did not include additional allegations concerning a racial motivation in the amended complaint because "[i]t is unclear what other facts plaintiffs could plead in good faith at this point that would make their claims more plausible without discovery. . . ." (Ans. Dis. 4). Such an argument merely underscores that Plaintiffs lack a good faith basis at this juncture to bring such claims. Plaintiffs cannot raise a claim based on pure speculation, hoping later to find some basis for the claim in discovery. Plaintiffs also mention in their response to the motion to dismiss that they believe there are other facts that show racial animus that they did not include in the complaint. However, Plaintiffs cannot add additional facts to their complaint in a response to the motion to dismiss. Thus, since Plaintiffs have failed to plead sufficient facts to plausibly suggest that Defendants' alleged misconduct was motivated in any way by Plaintiffs' race, we grant the motion to dismiss the claims in Counts VII through XV.

II. Claims Brought Against Herrera

Defendants move to dismiss all claims brought against Herrera. Plaintiffs include only one reference to Herrera in the amended complaint. In the amended

complaint, Plaintiffs allege that Herrera "has failed to train and adequately supervise [the Village of Bellwood's] police officers such as Officer Barnett, Officer Morales, Officer Lucero, and Officer Hernandez in order to prevent or avoid incidents similar to those described." (A. Compl. Par. 39). Defendants contend that, at best, such allegations merely suggest negligence on the part of Herrera. Negligent conduct is insufficient to support a Section 1983 claim. *Lewis v. Anderson*, 308 F.3d 768, 773 (7th Cir. 2002)("[n]egligence or even gross negligence does not suffice to give rise to liability under § 1983"). Plaintiffs contend that Herrera could be liable for the conduct of his subordinates if he knew about the alleged conduct and encouraged it, condoned it, or turned a blind eye toward the conduct. *Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010)(stating that "[t]o be personally liable [a supervisor] must have condoned or acquiesced in a subordinate's unconstitutional" misconduct). However, Plaintiffs have included no allegations to suggest such actions by Herrera. Plaintiffs merely contend that Herrera failed to "train and adequately supervise" subordinates. (A. Compl. Par. 39). Such allegations are not sufficient to state a claim. *Iqbal*, 129 S. Ct. at 1949. Plaintiffs also contend that it is the custom and practice of officers to engage in misconduct. However, such allegations fall short of plausibly suggesting that Herrera knowingly acted with deliberate indifference or condoned the alleged misconduct. *Jones v. City of Chicago*, 856 F.2d 985, 992-93

(7th Cir. 1988)(stating that the supervisor must "act either knowingly or with deliberate, reckless indifference"). There are no allegations to plausibly suggest that, if there was such a custom or practice, Herrera played a role in creating or furthering the practice. Therefore, we grant Defendants' motion to dismiss the claims brought against Herrera.

III. Claims Brought Against Morales Except in Counts I and XVI

Defendants move to dismiss the claims brought against Morales except in Counts I and XVI. Defendants contend that there are not sufficient allegations to suggest Morales' involvement in the alleged misconduct pertaining to the other counts. Morales is only mentioned in the amended complaint relating to alleged misconduct involving a battery and failure to intervene. (A. Compl. Par. 34, 37). There are not sufficient allegations to suggest that Morales was ever present at the scene of the arrest or had any personal involvement in the alleged misconduct at the scene of the arrest. *See Minix*, 597 F.3d at 833-34 (stating that Section 1983 "requires 'personal involvement in the alleged constitutional deprivation'")(quoting in part *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)). Plaintiffs contend that they "are not at this point clear on the level of involvement of Officer Morales beyond that ple[d] in the complaint." (Ans. Dis. 7). Plaintiffs point out that

they have alleged that Defendants acted in concert. However, such allegations are insufficient to plausibly suggest Morales' involvement in the alleged misconduct at the scene of the arrest. Plaintiffs cannot premise claims against Morales on mere speculation, hoping to find a good faith basis for such claims after discovery. Therefore, we grant Defendants' motion to dismiss all claims brought against Morales except in Counts I and XVI.

IV. Claims Brought Against Hernandez in Counts XVI - XVIII

Defendants move to dismiss the claims brought against Hernandez in Counts XVI through XVIII. Count XVI includes the assault and battery claim relating to the alleged contact with Johnson, Count XVII includes the assault and battery claim relating to the alleged contact with Rodgers, and Count XVIII includes the assault and battery claim relating to the alleged contact with Curry. Defendants contend that there are no allegations that Hernandez used force against Johnson, Rodgers, or Curry, or that Hernandez threatened them with force. In regard to Rodgers and Curry, Plaintiffs allege that Hernandez took part in handcuffing Rodgers and Curry and in raising them up to a standing position. (A. Compl. Par. 17-21). While Rodgers and Curry were being held, Barnett allegedly pointed his gun at them, threatened to kill them, and struck Curry. (A. Compl. Par. 22). Pursuant to 720

9

ILCS 5/5-2, "[a] person is legally accountable for the conduct of another when: . . . either before or during the commission of an offense, and with the intent to promote or facilitate that commission, he or she solicits, aids, abets, agrees, or attempts to aid that other person in the planning or commission of the offense. . . ." 720 ILCS 5/5-2(c). Thus, Plaintiffs have presented allegations to suggest that Hernandez aided the alleged assault and battery on Curry. To the extent that the allegations indicate that Hernandez aided Barnett in pointing a gun at Rodgers and threatening to kill Rodgers, such allegations suggest that Hernandez aided in an alleged assault on Rodgers. *See* 720 ILCS 5/12-1 (stating that "[a] person commits an assault when, without lawful authority, he engages in conduct which places another in reasonable apprehension of receiving a battery").

In regard to Johnson, there are no details to connect Hernandez to the alleged assault and battery on Johnson. The facts that merely indicate that it is possible that Hernandez was involved in the alleged assault and battery on Johnson are not sufficient to state a claim. Therefore, we grant the motion to dismiss the claim brought against Hernandez in Count XVI relating to the alleged assault and battery on Johnson, and we grant the motion to dismiss the battery claim brought against Hernandez in Count XVII relating to the alleged battery on Rodgers. We deny the motion to dismiss the claims brought against Hernandez in Counts XVII

10

and XVIII relating to the alleged assault on Rodgers and Curry, and we deny the motion to dismiss the claims brought against Hernandez in Count XVIII relating to the alleged battery on Curry.

V. Claims Brought Against Lucero in Counts XVI and XVII

Defendants concede that, unlike Hernandez, Plaintiffs have alleged that Lucero committed battery on Curry. However, Defendants contend that there are no allegations that Lucero threatened to use or used force on Johnson or Rodgers. In regard to Rodgers, as explained above, Plaintiffs allege that Lucero took part in handcuffing Rodgers and raising Rodgers to his feet while another officer allegedly pointed a gun at and threatened to kill Rodgers. Thus, there are sufficient allegations to suggest that Lucero aided the alleged assault on Rodgers. However, there are no such details to connect Lucero to the alleged assault and battery on Johnson. Therefore, we grant the motion to dismiss the claim brought against Lucero in Count XVI relating to the alleged assault and battery on Johnson, and we grant the motion to dismiss the claim brought against Lucero in Count XVII relating to the alleged battery on Rodgers. However, we deny the motion to dismiss the claim brought against Lucero in Count XVII relating to the alleged assault on Rodgers.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to dismiss the claims based on alleged racial animus in Counts VII through XV. We grant the motion to dismiss all claims brought against Herrera. We grant the motion to dismiss all claims brought against Morales except in Counts I and XVI. We grant the motion to dismiss the claim brought against Hernandez in Count XVI relating to the alleged assault and battery on Johnson, and the claim brought against Hernandez in Count XVII relating to the alleged battery on Rodgers. We deny the motion to dismiss the claims brought against Hernandez in Counts XVII and XVIII relating to the alleged assault on Rodgers and Curry, and we deny the motion to dismiss the claim brought against Hernandez in Count XVIII relating to the alleged battery on Curry. Finally, we grant the motion to dismiss the claim brought against Lucero in Count XVI relating to the alleged assault and battery on Johnson, we grant the motion to dismiss the claim brought against Lucero in Count XVII relating to the alleged battery on Rodgers, and we deny the motion to dismiss the claim brought against Lucero in Count XVII relating to the alleged assault on Rodgers.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: July 1, 2010